BRADY, Justice.
The basic error assigned in this cause is whether or not the lower court erred in ordering the sale of tractors to satisfy a judgment of the appellee. On March 25, 1969, a decree pro confesso was taken against one Charles Chambliss in the sum of $8,-000 and judgment was awarded the appel-lee thereon.
The answer to the error turns upon an interpretation of Section 9-301 of the Mississippi Uniform Commercial Code, Chapter 316, Laws of 1966. This section is as follows:
Section 9-301. Persons Who Take Priority Over Unperfected Security Interests ; “Lien Creditor.”
(1) Except as otherwise provided in subsection (2), an unperfected security is subordinate to the rights of
(a) persons entitled to priority under Section 9-312;
(b) a person who becomes a lien creditor without knowledge of the security interest and before it is perfected;
(c) in the case of goods, instruments, documents, and chattel paper, a person who is not a secured party and who is a transferee in bulk or other buyer not in ordinary course of business to the *345 extent that he gives value and receives delivery of the collateral without knowledge of the security interest and before it is perfected;
(d) in the case of accounts, contract rights, and general intangibles, a person who is not a secured party and who is a transferee to the extent that he gives value without knowledge of the security interest and before it is perfected.
(2) If the secured party files with respect to a purchase money security interest before or within ten (10) days after the collateral comes into possession of the debtor, he takes priority over the rights of a transferee in bulk or of a lien creditor which arise between the time the security interest attaches and the time of filing.
(3) A “lien creditor” means a creditor who has acquired a lien on the property involved by attachment, levy or the like and includes an assignee for benefit of creditors from the time of assignment, and a trustee in bankruptcy from the date of the filing of the petition or a receiver in equity from the time of appointment. Unless all the creditors represented had knowledge of the security interest such a representative of creditors is a lien creditor without knowledge even though he personally has knowledge of the security interest.
The record discloses that the appellant, who had asserted a purchase money lien, had wholly failed to perfect his security and interest therein by recording his lien in accordance with the requirements as outlined in Section 9-301. It follows, therefore, under the provisions of this statute that his lien was secondary to those of ap-pellee who had acquired a judgment lien against the property which made him the senior lien creditor and he therefore had first priority to the proceeds from the sale of the property.
For these reasons, the chancellor’s decree is affirmed.
Affirmed.
GILLESPIE, P. J., and RODGERS, JONES and SMITH, JJ., concur.